UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――X

HOKEELHO C. BAILEY, #11A5796,

               Plaintiff,

        v.

NEW YORK CITY DEPARTMENT OF
CORRECTIONS; COMMISSIONER JOSEPH
PONTE, Official Capacity; SUPERINTENDENT
GLEEN, Official Capacity; THE CITY OF NEW
YORK,[1]
               Defendants.
―――――――――――――――――――――X

MEMORANDUM
AND ORDER
16-CV-826 (WFK)(LB)

WILLIAM F. KUNTZ, II, United States District Judge:

      Plaintiff, Hokeelhoe C. Bailey, currently incarcerated at the Robert N. Davoren Complex ("RNDC") facility at Rikers Island, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that he was sprayed with a chemical substance by prison guards and suffered injuries upon his arrival at RNDC on January 22, 2016. He seeks damages. Bailey's request for *in forma pauperis* status, pursuant to 28 U.S.C. § 1915, is granted. For the reasons set forth below, the complaint against the named defendants is dismissed. However, plaintiff is given thirty days to amend his complaint to name proper defendants to this action.

## BACKGROUND

      The following facts are drawn from plaintiff's complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order. Plaintiff alleges his

---

[1] The City of New York is not named in the caption but is included in the list of defendants. Compl. at 1-2. Conversely, the New York City Department of Corrections is named in the caption but not in the list of defendants. The court will liberally construe the complaint as naming both parties.

1

constitutional rights were violated by corrections officers at RNDC on January 22, 2016 as he arrived at the jail from Downstate Correctional Facility. He alleges that the transit officer had told him that he would be able to keep his personal property. However, when he was searched upon arrival, his personal property (namely hair grease and petroleum jelly) was taken and when he objected, he was sprayed in the "face, eyes and mouth" with an unknown chemical by an RNDC officer and captain. He alleges that he suffered mental and physical injuries but was not given medical treatment.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

2

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To sustain a claim brought under Section 1983, Bailey must allege that (1) "the conduct complained of ... [was] committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived ... [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### I. Improper Parties

All of the parties that plaintiff has named are improper parties to this lawsuit.

3

### A. New York City Department of Correction

Bailey names the New York City Department of Correction (DOC), an agency of the City of New York, as a defendant. City agencies, including DOC, do not have a legal identity separate and apart from the municipality and cannot sue or be sued. *Jenkins v. City of New York,* 478 F.3d 76, 93 n. 19 (2d Cir. 2007) (New York Police Department, an agency of a municipality is a non-suable entity); *Bailey v. New York City Police Dep't,* 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (citing New York City Charter, Chapter 17, § 396 which provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not that of any agency). Thus, the complaint against DOC is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1).

### B. City of New York

Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978). Thus, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury,* 542 F.3d 31, 36 (2d Cir.2008). The fifth element reflects the principle that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Commissioners v. Brown,* 520 U.S. 397, 403 (1997). In other words, a municipality may not be held liable under § 1983 "by application of the doctrine of respondeat superior." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 478 (1986) (plurality opinion). Rather, there must be a "direct causal link between a municipal policy or

custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Bailey has failed to allege any facts that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights. Accordingly, the § 1983 claims against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1).

### C. Commissioner Ponte and Superintendent Glenn

Even construing the complaint liberally, Bailey has not alleged any facts to support a conclusion that the Commissioner of DOC, Joseph Ponte, and the Superintendent of RNDC whom he identifies as "Supt. Glenn" and "Supt Gleen" had any involvement in the alleged deprivation of his constitutional rights. Indeed, neither of these defendants is even mentioned in the body of the complaint. Supervisory status alone is not sufficient to impose liability. *See, e.g., Sturgis v. DeMarco*, No. 13-CV-2125 (SJF), 2013 WL 2649842, at * 3 (E.D.N.Y. June 07, 2013). Because he has failed to allege specific facts demonstrating how these individual defendants were involved, the Section 1983 claims asserted against Commissioner Ponte and the Superintendent of RDNC are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1).

### LEAVE TO AMEND

Although all defendants named in this complaint are dismissed, plaintiff is granted leave to amend his complaint to name proper defendants. If plaintiff chooses to file an amended complaint, he must do so within thirty (30) days of this Order. He is advised that an amended complaint replaces the complaint currently pending before the Court in its entirety and therefore must include all of his claims and factual allegations against all of the defendants against whom he wishes to proceed. He should also be sure to include all defendants in the caption of his

complaint. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.

**CONCLUSION**

Accordingly, Bailey's claims against the New York City Department of Correction, the City of New York, Superintendent Glenn or Gleen and Commissioner Ponte, are dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A(b)(1). No summons shall issue as to these defendants and the Clerk of Court is directed to correct the docket to reflect their dismissal.

Plaintiff may file an amended complaint within thirty (30) days of this Order to name proper defendants and to allege facts in support of his claims. Plaintiff shall have thirty (30) days to file an amended complaint setting forth his claims against each defendant named in the amended complaint. Plaintiff should name as defendant(s), individual prison officials personally involved in the events giving rise to his claim(s). Should plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint.

No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B) and § 1915A. If plaintiff fails to comply with this Order within the time allowed, judgment dismissing this action shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the plaintiff.

SO ORDERED.

s/William F. Kuntz, II

William F. Kuntz, II
United States District Judge

Dated: Brooklyn, New York
March 21, 2016